Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 Cr 385 | DATE | July 25, 2002 |
| CASE TITLE | U S A    v    Oludotun Odeyemi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]
Memorandum Opinion and order entered. Accordingly, defendant's motion to dismiss count one of the indictment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 6 2002 date docketed | |
| | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 02 JUL 25 PM 3:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DOCKETED** |
| Plaintiff, | JUL 2 6 2002 |
| v. | No. 02 CR 0385 |
| | Judge Robert W. Gettleman |
| OLUDOTUN ODEYEMI, also know as | |
| Jackson Patrick and Patrick Jackson, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On April 23, 2002, the United States filed a criminal complaint against Oludotun Odeyemi ("defendant") for allegedly attempting to use a fraudulent credit card. On May 24, 2002, a grand jury returned a two count indictment against Odeyemi. Count one charges defendant with knowingly possessing a fraudulent document prescribed by statute and regulation for entry into the United States in violation of 18 U.S.C. § 1546(a), and count two charges defendant with attempting to use a counterfeit access device knowingly and with intent to defraud in violation of 18 U.S.C. § 1029(a)(1) and (b)(1). Defendant has moved to dismiss count one of the indictment. For the following reasons, the motion is denied.

### BACKGROUND

On April 17, 2002, Burbank police arrested defendant for allegedly attempting to use a fraudulent credit card to buy a $200 gift card from a Best Buy store in Burbank, Illinois. The credit card was issued to "P. Jackson" by Capital One Visa. At the time of the arrest, police also

found in defendant's possession an allegedly counterfeit United Kingdom passport bearing defendant's picture and the name "Patrick Jackson."

## DISCUSSION

Defendant argues that count one of the indictment should be dismissed because possession of a foreign passport is not an act proscribed by 18 U.S.C. § 1546(a), which states:

"whoever knowingly...possesses any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, *or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States*, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained..." is in violation of the law of the United States. (Emphasis added.)

Defendant bases this argument on Congress's apparent decision not to specifically mention "passports" in the statute. The court finds this argument unconvincing.

First, the court agrees with the Fifth Circuit's conclusion in United States v. Osiemi, 980 F.2d 344 (5th Cir. 1993), and the Second Circuit's conclusion in United States v. Rahman, 189 F.3d 88 (2nd Cir. 1999), that the plain meaning of 18 U.S.C. § 1546(a) prohibits the possession of a counterfeit foreign passport. In Osiemi, the court held that "a foreign passport is clearly, and typically, one document 'prescribed by statue or regulation for entry' into the United States," and that, therefore, "the possession of a counterfeit or altered foreign passport...is an offense under the plain language of § 1546(a)." United States v. Osiemi, 980 F.2d at 346.[1] Similarly, in Rahman, the court held that "a passport issued by a foreign government is clearly a document

---

[1] The Osiemi court explains that 8 U.S.C. § 1181, "Admission of Immigrants into the United States," includes a foreign passport in its list of "documents required" for admission to the United States, as do 8 C.F.R. § 211.1 and 8 C.F.R. § 212.1, thus making a foreign passport a "document prescribed by statute or regulation for entry into the...United States." Id.

2

'prescribed by statute or regulation for entry into...the United States' and knowing possession of a forged or altered foreign passport is an offense under the plain meaning of Section 1546(a)." United States v. Rahman, 189 F.3d at 119. The court agrees with these courts' interpretations of the plain meaning of the statute.

Further, both the Osiemi [2] and Rahman courts specifically disagree with the district court's interpretation of 18 U.S.C. § 1546(a) in United States v. Fox, 766 F. Supp. 569 (N.D. Tex. 1991), the only case defendant cites in support of his motion (and the only case this court could find supporting defendant's position). In Fox, the court held that § 1546(a) did not encompass foreign passports, largely because Congress failed to include the word "passports" in its 1986 amendment to § 1546(a). Id. at 572-573. But again, the Osiemi court points out that "Fox is the only post-1986 amendment case that [they] have found that expresses the view that knowing possession of a foreign counterfeit passport is not proscribed by the amended statute" and explicitly "take[s] exception to" Fox. This court agrees with the Fifth and Second Circuits' interpretations of the plain meaning of the statute, and therefore also disagrees with Fox.

Accordingly, the court concludes that a foreign passport is a document prescribed by statute or regulation for entry into the United States, and that possession of a fraudulent passport violates 18 U.S.C. § 1546(a). Defendant's motion to dismiss is denied.

---

[2] The Osiemi court, by specifically rejecting the Fox court's holding, rejected a district court opinion within its circuit.

3

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss count one of the indictment is denied.

**ENTER:**

DATE: July 25, 2002

Robert W. Gettleman
United States District Judge

4